OFFICIAL LOCAL FORM 3

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

## CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | April 5, 2017 | Docket #: | |
| Debtor: | Judith A. O'Neil | Co-Debtor: | |
| SS#: | xxx-xx-3613 | SS#: | |
| Address: | 87 East Rd<br>Adams, MA 01220 | Address: | |
| | | | |
| Debtor's Counsel: | Stephen Teel 650030 | | |
| Address: | 300 Brickstone Sq., Suite 201<br>Andover, MA 01810 | | |
| Telephone #: | 508-333-4242 | | |
| Facsimile #: | 603-821-4617 | | |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

PRE-CONFIRMATION CHAPTER 13 PLAN

CHAPTER 13 PLAN

Docket No.: _____

DEBTOR(S):    (H)  **Judith A. O'Neil**              SS#  **xxx-xx-3613**

              (W)  _____           SS#  _____

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **60.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

■ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

**Debtor will use additional time to pay creditors** ;or

☐ ____ Months. The Debtor states as reasons therefore: _____

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of secured claims to be paid through the Plan $ **0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **MTGLQ Investors, L.P.** | **First Mortgage** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| -NONE- | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-**; or

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-**.

iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Priority Claims to Be Paid Through the Plan $ **0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **0.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **10** % of their claims.

A. General unsecured claims: $ **548.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Atlantic Credit & Finance** | **Judgment Lien** | $ 14,005.87 |
| **Unifund CCR Partners** | **Judgment Lien** | $ 13,906.44 |
| **Worldwide Asset Purchasing, LLC** | **Judgment Lien** | $ 4,219.72 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C): $ **32,680.03**

D. Multiply total by percentage:  $ **3,240.00**
   (Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| **-NONE-** | | $ | |

Total amount of separately classified claims payable at ____%     $     **0.00**

## VI. OTHER PROVISIONS

   A. Liquidation of assets to be used to fund plan:

   B. Miscellaneous provisions:

## VII. CALCULATION OF PLAN PAYMENT

A) Secured claims (Section I-A Total): $ **0.00**
B) Priority claims (Section II-A&B Total): $ **0.00**
C) Administrative claims (Section III-A&B Total): $ **0.00**
D) Regular unsecured claims (Section IV-D Total):+ $ **3,240.00**
E) Separately classified unsecured claims: $ **0.00**
F) Total of a + b + c + d + e above: =$ **3,240.00**
G) Divide (f) by .90 for total including Trustee's fee:
                                    Cost of Plan=  $ **3,600.00**
   (This represents the total amount to be paid into the Chapter 13 plan)
H. Divide (G), Cost of Plan, by Term of Plan,       **60** months
I. Round up to nearest dollar for Monthly Plan Payment:  $ **60.00**
(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a)(1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **87 East Road Adams, MA 01220  Berkshire County** | $     169,474.00 | $     168,703.03 |

| | | |
|---|---|---|
| Total Net Equity for Real Property: | $ | 770.97 |
| Less Exemptions (Schedule C): | $ | 770.97 |
| Available Chapter 7: | $ | 0.00 |

B. Automobile (Describe year, make and model):

-NONE-                              Value $ _____    Lien $ _____    Exemption $ _____

Total Net Equity:              $ 0.00
Less Exemptions (Schedule C): $ 0.00
Available Chapter 7:           $ 0.00

C. All other Assets (All remaining items on Schedule B):  (Itemize as necessary)
**Household Goods and Furnishings**
**Miscellaneous Electronics**
**Miscellaneous Clothing**
**Wedding Ring and Band, Band**
**Dog**
**Riding Lawn Mower**
**Cash on Hand**
**Checking: Greylock Federal Credit Union**
**Fed and State Refund: Anticipated 2016 Refund**
**GE 2 Policies Total Term Life Insurance $70,000 No Cash Surrender Value**
**Beneficiary: Term Life Insurance**

Total Net Value:              $ 7,140.00
Less Exemptions (Schedule C): $ 7,105.00
Available Chapter 7:          $ 35.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $            **35.00**

E. Additional Comments regarding Liquidation Analysis:


## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Stephen Teel**                                         **April 5, 2017**
**Stephen Teel 650030**                                           Date
Debtor's Attorney
Attorney's Address:  **300 Brickstone Sq., Suite 201**
                     **Andover, MA 01810**
             Tel. #:     **508-333-4242 Fax:603-821-4617**
             Email Address:  **sst_vandy_2000@yahoo.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date  **April 5, 2017**                            Signature  **/s/ Judith A. O'Neil**
                                                              **Judith A. O'Neil**
                                                              Debtor

# United States Bankruptcy Court
## District of Massachusetts

In re: __Judith A. O'Neil__
Debtor(s)

Case No. _____
Chapter __13__

## CERTIFICATE OF SERVICE

I hereby certify that on **April 9, 2017**, a copy of **the Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

Richard King
USTPRegion01.WO.ECF@USDOJ.GOV

Denise M. Pappalardo
denisepappalardo@ch13worc.com, paper@mab.uscourts.gov

Atlantic Credit & Finance
c/o Kream and Kream
PO Box 890117
East Weymouth, MA 02189

Lincare, Inc.
PO Box 9515
Buffalo, NY 14426

MTGLQ Investors, L.P.
6011 Connection Drive, 5th FL
Irving, Texas 75039

Shellpoint Mortgage Servicing
PO Box 10826
Greenville, SC 29603-0826

Unifund CCR Partners
C/O Kream and Kream
PO Box 890117
East Weymouth, MA 02189

Worldwide Asset Purchasing, LLC
PO Box 9127
Needham, MA 02492-9127

/s/ Stephen Teel
Stephen Teel 650030
Teel Law Office
300 Brickstone Sq., Suite 201
Andover, MA 01810
508-333-4242 Fax:603-821-4617
sst_vandy_2000@yahoo.com